# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOSEVELT AHSIM LANDS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WOODFORD, et. al.,<br><br>　　　　Defendants. | CV F   05-855 AWI SMS P<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1.)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM AND PETITION FOR WRIT OF HABEAS CORPUS |

Roosevelt Lands ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on June 27, 2005, in the Sacramento Division of the Eastern District of California.  The case was subsequently transferred here it appears, solely on the basis that Plaintiff is currently confined at Avenal State Prison.  However, from the papers submitted by Plaintiff, the Court is unclear what type of action Plaintiff is intending to pursue.  In addition, Plaintiff has provided little information that allows the court to make a determine as to

the proper venue.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. ANALYSIS**

Pursuant to Local Rule 3-120(b), civil actions arising in Fresno County shall be commenced in the Fresno Division of the Eastern District of California. Pursuant to Local Rule 3-120(d), when the court finds that an action has not been commenced in the proper court, it may transfer the action to the proper court.

In this case, the action was transferred from the Sacramento Division to this Court solely on the basis that Plaintiff is incarcerated at Avenal State Prison which is located within this district. However, this information alone is insufficient to establish jurisdiction over the action. The Complaint filed by Plaintiff consists of a civil rights cover sheet that names J. Woodford,

Director of the California Department of Corrections ("CDC") and Kathy Mendoza Powers, a warden at some institution within the CDC as Defendants. However, other than this, there is no other information on the first page. The second, third and fourth pages consist of an Application to Proceed In Forma Pauperis, and the remaining pages are a Petition for Writ of Habeas Corpus which itself is incomplete. Given these last pages, the Court is unclear what type of action Plaintiff is intending to pursue or whether he is intending to raise claims in the habeas action in the civil rights action. It is Plaintiff responsibility to make these things clear to the Court. The Court cannot proceed with the Civil Rights action when there are no claims for relief stated in the document.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Moreover, given Plaintiff has failed to state a claim for relief, the Court cannot determine where venue is appropriate as there is no indication where the events at issue in the action took place.

**C. CONCLUSION**

1   The Court finds that Plaintiff's complaint does not contain any claims upon which relief
2   can be granted under § 1983 against any of the defendants.  The Court will provide Plaintiff with
3   time to file a first Amended Complaint curing the deficiencies identified above should he wish to
4   do so.
5   Plaintiff must demonstrate in the Amended Complaint how the conditions complained of
6   resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir.
7   1980).  The Amended Complaint must specifically state how each defendant is involved.
8   Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
9   connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423,
10  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588
11  F.2d 740, 743 (9th Cir. 1978).
12  Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint
13  be complete in itself without reference to any prior pleading.  As a general rule, an Amended
14  Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
15  1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any
16  function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each
17  claim and the involvement of each defendant must be sufficiently alleged.  The Amended
18  Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the
19  appropriate case number, and be an original signed under penalty of perjury.

20  **D.  ORDER**
21  The Court  HEREBY ORDERS:
22  1.   The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights
23       complaint form and a blank form Petition for Writ of Habeas Corpus;
24  2.   The Complaint is DISMISSED with leave to amend.  Within THIRTY (30) days
25       from the date of service of this order, Plaintiff SHALL:
26       a.   File an Amended Complaint curing the deficiencies identified by the Court
27            in this Order, or
28       b.   Notify the Court in writing that he does not wish to file an Amended

4

1  Complaint and pursue the action but instead wishes to voluntary dismiss
2  the case.[1]
3  Plaintiff is forewarned that his failure to comply with this Order may result in a
4  Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.
5  IT IS SO ORDERED.
6  **Dated:   September 6, 2005**               /s/ Sandra M. Snyder
   icido3                                  UNITED STATES MAGISTRATE JUDGE

---

[1] If Plaintiff intends to file a Petition for Writ of Habeas Corpus instead, he should so notify the Court so the Court can dismiss this action without assessing a filing fee.