# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOSEVELT AHSIM LANDS, | CV F   05-855 AWI SMS P |
| Plaintiff, | |
| v. | ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND (Doc. 13.) |
| WOODFORD, et. al., | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM AND PETITION FOR WRIT OF HABEAS CORPUS |
| Defendants. | |

Roosevelt Lands ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on June 27, 2005, in the Sacramento Division of the Eastern District of California.  The case was subsequently transferred here it appears, solely on the basis that Plaintiff is currently confined at Avenal State Prison.  However, due to the condition of the pleadings, it was entirely unclear to the Court what type of action Plaintiff was attempting to pursue.  Thus, the Court dismissed the Complaint with leave to amend on

September 9, 2005, and Plaintiff filed an Amended Civil Rights Complaint on October 27, 2005. The Amended Complaint consists of one hundred sixty five (165) pages.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. CLAIMS FOR RELIEF**

Despite being given the opportunity to amend his Complaint, Plaintiff does not make the Court's job to screen the Complaint any easier as he merely has reorganized over one hundred single spaced paragraphs. Plaintiff does delineate an excessive force claim and a medical care claim, however, he provides so much detail in the Complaint as a whole, the Court cannot determine which facts go with which claim or which Defendant. The Court will provide Plaintiff with what appears to be the relevant law in order to help Plaintiff provide sufficient information to state a claim for relief. Plaintiff is forewarned, however, that providing every minute detail

only serves to confuse the issue.  As will be explained below, Plaintiff need only provide a brief statement of facts supporting each claim for relief and link a named Defendant to an act or omission giving rise to a constitutional violation.

### 1. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff *must* link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### 2. Rule 8(a)

A plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a), which calls for a "***short and plain*** statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a) (emphasis added).  Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

In this instance, as noted above, Plaintiff's allegations are not sufficient to put the Defendants on notice as to which of actions violated Plaintiff's constitutional rights. Plaintiff is reminded that he need not recite every minute detail spanning the course of an event but only need provide those specific facts that raise a constitutional allegation. Plaintiff should take care to eliminate all preambles, introductions, argument, explanations, stories and summaries from his Complaint.

### 3. Exhibits and Evidence

Plaintiff is informed that it is inappropriate to attach exhibits to a complaint. See Rule 8, Federal Rules of Civil Procedure. The Court cannot serve as a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court).

Here, the Complaint is comprised or over one hundred sixty five (165) pages, most of which are exhibits. At this point, the submission of exhibits is premature as all that is required to of Plaintiff is that he state a prima facie claim for relief.

### 4. Excessive Force

The Court provides the following law to Plaintiff regarding the use of excessive force.

The use of excessive force by a prison official violates the eighth amendment. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992). Determining whether there has been an eighth amendment violation turns upon " 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " See id. at 6 (*quoting* Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078 (1986)).

To prevail on an excessive force claim, an inmate must show the official applied force "maliciously and sadistically" for the purpose of inflicting pain, rather than in a "good faith effort to maintain or restore discipline." Id. at 4-5, 7, 112 S.Ct. at 999. Such factors as the need for the application of the force, the relationship between the need for the application of force and the amount of force used, and the extent of injury inflicted are relevant to the ultimate determination. Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986). An inmate, however, does not

need to have suffered an injury to establish an Eighth Amendment violation. Hudson, 503 U.S. at 7.

The Supreme Court has further held that not "every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10.

### 5. *Medical Care Claims*

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely

5

because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

**C. CONCLUSION**

The Court finds that Plaintiff's Amended Complaint does not contain any claims upon which relief can be granted under § 1983 against any of the defendants. The Court will provide Plaintiff with time to file a Second Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Second Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Second Amended Complaint must specifically state how each defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**D. ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form and a blank form Petition for Writ of Habeas Corpus;

2. The Amended Complaint is DISMISSED with leave to amend. Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

   a. File a Second Amended Complaint curing the deficiencies identified by the Court in this Order, or

   b. Notify the Court in writing that he does not wish to file a Second Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.[1]

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:** November 1, 2006              /s/ Sandra M. Snyder
icido3                                   UNITED STATES MAGISTRATE JUDGE

---

[1] If Plaintiff intends to file a Petition for Writ of Habeas Corpus instead, he should so notify the Court so the Court can dismiss this action without assessing a filing fee.